NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., **Plaintiff,** v. MITUL PATEL, CHAMPAKAL PATEL, DAKSHA PATEL, and MALVIKA PATEL, **Defendants.** | Civ. No. 2:13-6047 (WJM) **OPINION and ORDER** |

**THIS MATTER** comes before the court on Plaintiff's motion for default judgment against Defendants Mitul Patel, Champakal Patel, Daksha Patel, and Malvika Patel ("Defendants") and pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action on October 11, 2013. ECF No. 1. A Summons as to all Defendants was issued on October 15, 2013. ECF No. 4. On October 11, 2013, the Summons and Complaint were forwarded to Recon Management Group to effectuate personal service upon Defendants. ECF No. 8, Certification of Bryan P. Couch ("Couch Cert.") at ¶ 4. Despite diligent efforts and inquiry, Recon was unable to locate Defendants. *See* ECF No. 8, Affidavits of Diligent Efforts and Affidavits of Non-Service, Exhibit A to Couch Cert. By letter

1

dated February 18, 2014, Plaintiff sent Defendants the Summons and Complaint via regular and certified mail. ECF No. 8, Exhibit D to Couch Cert. To date, Defendants have failed to answer or otherwise respond to the Complaint. On March 20, 2014, the clerk entered default against the Defendants, pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend. ECF No. 6. Plaintiff filed the instant motion for default judgment on May 23, 2014, and Plaintiff served Defendants with notice of the motion on May 23, 2014. ECF No. 8. Defendants have filed no opposition.

The court must first assess the adequacy of service of process in order to determine whether default judgment should be entered. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991). Proper service of process is required to establish personal jurisdiction over a defendant. *Lampe*, 952 F.2d at 700-01. Without personal jurisdiction, the court cannot enter a default judgment against the defendant. *Id.*

Federal Rule of Civil Procedure 4 states that a summons may be served upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also Midlantic Nat'l Bank v. Ridgedale Farms*, No. 87-1802, 1989 WL 12724, at *3 (D.N.J. Feb. 7, 1989)

2

(affirming personal jurisdiction in federal court where service of process was effectuated in accordance with the law of the state in which the district court sat).

New Jersey law provides that the primary method of obtaining personal jurisdiction over a defendant is by "delivering a copy of the summons and complaint to the individual personally." N.J. Ct. R. 4:4–4a. However, if personal service cannot be effectuated, a plaintiff may submit an affidavit containing facts which illustrate that "despite diligent effort and inquiry personal service cannot be made." N.J. Ct. R. 4:4–4b. The plaintiff can then obtain personal jurisdiction over the defendant by mailing "a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." N.J. Ct. R. 4:4–4b. The mail must be sent to the defendant's dwelling or place of business, with postal instructions to deliver to addressee only. N.J. Ct. R. 4:4–3. Service of process by mail is considered valid "even if defendant does not answer or appear, and may provide the basis for entry of a default judgment." *Citibank v. Russo*, 334 N.J. Super. 346  (App. Div. 2000).

There is no single, unchanging rule for determining if "diligent effort and inquiry" has been used when attempting to effectuate personal service upon a defendant. *See Prudential Ins. Co. of Am. v. Holladay*, No. 07-5471, 2008 U.S. 2008 WL 1925293, at *2 (D.N.J. Apr. 28, 2008) (*citing Modan v. Modan*, 327 N.J. Super. 44, 48-49 (App. Div. 2000)).  Instead, the court must conduct a fact-

3

sensitive inquiry to ascertain if the plaintiff has exercised sufficient diligence when trying to personally serve the defendant. *Id.* The plaintiff bears the burden of proving that the requisite amount of diligence has been utilized. *Id.* Plaintiff has supplied Affidavits of Diligent Service, Affidavits of Non-Service, and Affidavits of non-military service for each of the Defendants. The Affidavits document Plaintiff's efforts to locate and personally serve the named Defendants, and the court is satisfied that these efforts were sufficiently diligent to warrant alternative service via regular and certified mail.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. <u>First</u>, the court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants entered into and then breached a license agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011).

4

<u>Second</u>, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). <u>Third</u>, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b) and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons and for good cause shown;

**IT IS** on this 17th day of June 2014, hereby,

**ORDERED** that Plaintiff's motion for default judgment against Defendants is hereby granted; and it is further

**ORDERED** that final judgment is to be entered in favor of Plaintiff and against Defendants, in the total amount of $287,309.81 comprised of the following:

(1) $176,746.34 in recurring fees (including prejudgment interest);

(2) $105,248.00 in liquidated damages (including prejudgment interest); and

5

    (3)  $5,315.47 in attorneys' fees and costs.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**